UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01222-DOC-ADS                    Date: November 4, 2024

Title: Bonnie Tanner v. Select Portfolio Servicing, Inc., et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANT'S MOTION TO DISMISS [32]**

Before the Court is a Motion to Dismiss ("Motion" or "Mot.") (Dkt. 32) brought by Defendant Select Portfolio Servicing, Inc. ("SPS"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **DENIES** Defendant's Motion to Dismiss.

**I.   Background**

   **A.   Facts**

Plaintiff Bonnie Tanner ("Plaintiff") obtained a bankruptcy discharge in 2023. Plaintiff's First Amended Complaint ("FAC") (Dkt. 24). ¶ 74. Plaintiff alleges that Defendant SPS had actual knowledge of Plaintiff's bankruptcy filing. *Id.* ¶ 75. But post-discharge, Plaintiff states she became aware that SPS was reporting a past-due balance on Plaintiff's account with SPS instead of indicating that her accounts were discharged. *Id.* ¶ 77. Plaintiff disputed the accounts with Equifax, Experian, and Transunion in December of 2023. *Id.* ¶ 78. These disputes were forwarded to SPS via an Automated Credit Dispute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01222-DOC-ADS                                    Date: November 4, 2024

Page 2

Verification form ("ACDV") and stated that Plaintiff's account was "discharge[d] through chapter 13 bankruptcy." *Id.* ¶ 79-81.

In response to this ACDV, SPS employee Rithapreetha Palanikumar confirmed and re-reported on December 27, 2023, that Plaintiff's account was not discharged. *Id.* ¶ 82. Plaintiff then ordered a credit report to verify the requested update was made and saw that, as of June 2024, the accounts continue to report what Plaintiff alleges is inaccurate and incomplete information. *Id.* ¶ 84-85. Plaintiff states that this inaccurate reporting makes it appear that SPS is still owed over $700 despite the debt being discharged. *Id.* ¶ 103. Plaintiff argues that this is not an accident, but instead a deliberate attempt to undermine Plaintiff's ability to discharge debt and repair her credit. *Id.* ¶ 107.

**B.     Procedural History**

Plaintiff filed the Complaint (Dkt.1) on June 6, 2024. Defendants filed a Motion to Dismiss (Dkt. 22) on August 16, 2024, that was moot (Dkt. 25) because Plaintiff filed a First Amended Complaint (Dkt. 24) against Defendants Experian Information Solutions, Inc., Select Portfolio Services, Inc., and Together Credit Union, Transunion, LLC on August 29, 2024. Then Plaintiff filed a Notice of Dismissal (Dkt. 26) as to Defendant Transunion, LLC on September 3, 2024. This was followed by a Notice of Settlement with Defendant Experian Information Solutions, Inc. (Dkt. 29) on September 19, 2024. Defendant SPS, then filed this Motion on September 26, 2024. Plaintiff responded with an Opposition to the Motion ("Opposition") (Dkt. 36) on October 14, 2024. A Reply to the Opposition ("Reply") (Dkt. 37) was filed by Defendant SPS on October 21, 2024.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01222-DOC-ADS                             Date: November 4, 2024

Page 3

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

### III. Discussion

The cause of action raised against Defendant is failure to reinvestigate as a violation of the Fair Credit Reporting Act 15 U.S.C. §1681s-2(b)). FAC ¶128-141. Defendant argues that Plaintiff's FAC is insufficient to plausibly plead a violation of the FCRA against SPS. Motion at 3. Defendant argues that the FAC fails to include "rudimentary information regarding the reporting in question, including the date(s) on which the allegedly inaccurate information was reported . . ." *Id.* at 3. Plaintiff in her Opposition points to paragraphs 7, 59, 74, 77, 78, 80, 82, 84, and 85 of Plaintiff's FAC to give examples of specified dates and details regarding the inaccurate information. Opposition at 2. In Defendant's Reply, SPS requests that the Court give Plaintiff the opportunity to amend her FAC and allege the date(s) of the reporting that was the subject of Plaintiff's December 2023 dispute. Reply at 2.

### A. Legal Standard

Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 (2007)). As an important means to this end, FCRA sought to make "consumer reporting exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.*; 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs [(credit reporting agencies)], called "furnishers" in the statute. *Id.* Section 1681s–2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. *Id.* Section 1681s-2 creates a duty to provide accurate information and provide notice of disputes. *Id.* And Section 1681s-2(b) imposes a second category of duties on furnishers of information, which are triggered upon notice of dispute. *Id.*

15 U.S.C. §1681s-2(b) of the FCRA requires a furnisher of credit information (here, SPS), upon receiving notice from a credit reporting agency ("CRA") that a consumer has disputed a debt, to investigate a dispute, to report the results of the investigation to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01222-DOC-ADS                      Date: November 4, 2024

Page 4

CRA, and, if the furnisher concludes that the disputed debt is inaccurate, incomplete, or unverifiable, to take certain additional remedial measures. 15 U.S.C. §1681s-2(b)(1). Although the FCRA does not specify the duty of care a furnisher must use in its investigation, courts have held that the investigation must be reasonable. *See e.g., Gorman,* F.3d at 1155. A reasonable investigation calls for reasonable diligence, which requires making more than a cursory investigation into the reliability of the information. *Dennis v. BEH-1,* 520 F.3d 1066, 1071 (9th Cir. 2008).

    A consumer may sue a furnisher over the accuracy of information only after the consumer has formally disputed the information with the CRA, which triggers the furnisher's investigation duties. 15 U.S.C. §1681s-2(c). If a consumer disputes the accuracy of information in a consumer report directly with a furnisher, the furnisher must conduct and complete an investigation within 30 days. 15 U.S.C. § 1681s-2(a)(8). If the furnisher determines that the reported information is inaccurate, it must promptly correct the information with all CRAs to which it furnished the information. 15 U.S.C. § 1681s-2(a)(2). A furnisher also must investigate disputed information after receiving notice from a CRA that a consumer filed a dispute with the agency. 15 U.S.C. § 1681s-2(b). To establish liability under section 1681s-2(b), a plaintiff typically must make a threshold showing of inaccuracy or incompleteness. *Harris v. Broker Solutions, Inc.,* 2024 WL 1714270 *1 (9th Cir. 2024) (citing *Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2016). The Ninth Circuit has interpreted "incomplete or inaccurate" as requiring that furnishers of credit information not only refrain from making any reports that are obviously wrong or missing crucial data, but also that the reports not contain information that is materially misleading. *Kuns v. Ocwen Loan Servicing, LLC,* 611 Fed.Appx. 398, 400 (9th Cir. 2015)(internal quotations omitted).

    **B.    Analysis**

    Here, Plaintiff asserts in her FAC that post-discharge of her bankruptcy proceedings, Defendant was notified by a credit reporting agency that Plaintiff had disputed the SPS account. FAC ¶ 80. Thus, Plaintiff has plausibly pleaded that Defendant's duties under 15 U.S.C. 1681s were triggered. *See* 15 U.S.C. §1681s-2(b). Defendant argues that Plaintiff fails to allege specific dates of reporting and thus fails to state a claim. Motion at 1. But Plaintiff states in her FAC that her chapter 13 bankruptcy was discharged on October 23, 2023. FAC ¶ 74. And she states that after this discharge, SPS reported a past-due balance instead of indicating the accounts were discharged. *Id.* ¶ 4. Additionally, Plaintiff states that she disputed the SPS account in December 2023, and as of June 2024, SPS continues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01222-DOC-ADS                                             Date: November 4, 2024

                                                                                                    Page 5

to report inaccurate and incomplete account information. *Id.* ¶ 85. Thus, construing these facts in the light most favorable to the plaintiff, this Court finds that her FAC is sufficiently pled.

The case law that Defendant points to supports this Court's finding. In the case *Mamisay v. Experian Information Solutions, Inc.*, the Plaintiffs there alleged inaccurate reporting that occurred before the debt had been discharged. No. 16-CV-05684-YGR, 2017 WL 1065170, at *1 (N.D. Ca. Mar. 21, 2017). The court in that case dismissed these claims for failure to pled inaccurate reporting. *Id.* at *3. This case distinctively contains assertions of reporting that took place *after the debt was discharged* in bankruptcy proceedings. FAC ¶ 4. Thus, *Mamisay* does not persuade this Court to grant Defendant's Motion. Additionally, Defendant points to *Nissou-Rabban v. Capital One Bank (USA), N.A.*, but this case actually supports the Court's denying Defendant's Motion. 285 F.Supp.3d 1136 (S.D. Cal. 2018). In that case, the court found that once Plaintiff in her Second Amended Complaint alleged that reporting became inaccurate after her specific bankruptcy discharge, and gave a date for said discharge, her SAC was pled sufficiently. *Id.* at 1148. Here, Plaintiff gives the discharge date of her bankruptcy proceedings—October 23, 2023—and contends that Defendant's inaccurate reporting continued after this discharge date. FAC ¶ 85. Further, Plaintiff gives at least one specific date of alleged inaccurate reporting that occurred after the discharge date—Plaintiff stated that an SPS employee re-reported that Plaintiff's SPS account was not discharged on December 27, 2023, which is after the discharge date of October 23, 2023. *Id.* ¶ 82. Thus, construing the facts in the light most favorable to Plaintiff, it is plausibly pled that Defendant failed to conduct a reasonable investigation after receiving notice from a CRA under 15 U.S.C. § 1681s-2(b). In conclusion, the Court **DENIES** Defendant's Motion to Dismiss.

IV.     **Disposition**

For the reasons set forth above, the Court **DENIES** Defendant's Motion to Dismiss.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                          Initials of Deputy Clerk: kd

CIVIL-GEN